WO

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROSARIO A. FIORANI, JR., | No. CV-08-02373-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| ALBERT LOWRY; *et al.*, | |
| Defendants. | |

On December 29, 2008 Plaintiff Rosario A. Fiorani Jr. ("Plaintiff") filed a *pro se* complaint against several defendants in which he alleges violations of 18 U.S.C. §§ 241–42, 28 U.S.C. § 1343, and 42 U.S.C. § 1983. (Dkt. # 1.) Plaintiff asserts that the Defendants conspired to violate his civil and constitutional rights when they allegedly falsely imprisoned, threatened, and intimidated Plaintiff. (*See id.*) Plaintiff also alleges that Defendants' conduct forced him to write a fraudulent letter in which he admitted guilt to some unspecified offense. (*See id.*)

On October 26, 2009, Defendant Dennis J. Smith, a Judge for the Nineteenth Judicial Circuit in the Commonwealth of Virginia, moved to be dismissed from this action pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (Dkt. ## 22–23.) First, Defendant Smith brings a 12(b)(2) Motion to Dismiss for lack of personal jurisdiction. (Dkt. # 22.) Defendant Smith also moves to dismiss on the basis of judicial immunity and failure to state a claim under Rule 12(b)(6). (Dkt. # 23.) As of December 2, 2009, Plaintiff has failed to file a response to these Motions. Local Rule 7.2(c) provides that "[t]he opposing party shall . .

1 . have fourteen (14) days after service in a civil or criminal case within which to serve and file a responsive memorandum" to a Defendant's Motion to Dismiss. Local Rule 12.1(b) further provides that a party shall have thirty days (30) to respond to a Motion to Dismiss for lack of jurisdiction. *See* LRCiv. 12.1(b); 56.1(d). As of December 2, 2009, Plaintiff has not filed a timely responsive memoranda to Defendant Smith's Motions to Dismiss, nor has he sought extensions of time to do so. Under the Local Rules, if a party "does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv. 7.2(i); *see also Ghazali v. Moran*, 46 F.3d 52, 53– 54 (9th Cir. 1995) (holding that district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to motion but failed to do so). Therefore,

**IT IS HEREBY ORDERED** that Plaintiff shall file and serve a responsive memorandum to Defendant Smith's Motions (Dkt. ## 22-23) **before 5:00 p.m. on December 17, 2009**. Should Plaintiff fail to comply, the Court may deem Plaintiff's failure to oppose these Motions as a waiver, and may grant the motions on that basis.

DATED this 3rd day of December, 2009.

_____
G. Murray Snow
United States District Judge