**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| ROSARIO A. FIORANI, JR., | No. 08-CV-02373-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. |  |
| ALBERT LOWRY; *et al.*, |  |
| Defendants. |  |

Defendant Dennis J. Smith, a Judge for the Nineteenth Judicial Circuit in the Commonwealth of Virginia, has moved to be dismissed from this action pursuant to Federal Rules of Civil Procedure 12(b)(2) and12(b)(6). (Dkt. # 22–23.) First, Judge Smith brings a 12(b)(2) Motion to Dismiss for lack of personal jurisdiction. (Dkt. # 22.) Judge Smith also moves to dismiss on the basis of judicial immunity and failure to state a claim under Rule 12(b)(6). For the following reasons, the Court grants the Motion to Dismiss for lack of Jurisdiction and denies the remaining motion as moot.

**I. The Court Does Not Have Jurisdiction Over Judge Smith.**

When the parties dispute whether personal jurisdiction over a foreign defendant is proper, "the plaintiff bears the burden of establishing that jurisdiction exists." *Rio Properties,* 284 F.3d at 1019. This is so, even though the defendant is the moving party on a 12(b)(2) motion to dismiss. *Id.* In the absence of an evidentiary hearing, however, the plaintiff need

| | |
|---|---|
| 1 | only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." |
| 2 | *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009). |

To establish that personal jurisdiction over a defendant is proper, a plaintiff must demonstrate that (1) the state's long arm statute confers jurisdiction over the defendant; and (2) that "the exercise of jurisdiction comports with the constitutional principles of due process." *See Rio Properties*, 284 F.3d at 1019 (citation omitted). Because Arizona's long-arm statute extends jurisdiction "to the maximum extent permitted by the . . . Constitution of the United States," the Court's personal jurisdiction inquiry largely collapses into an analysis of due process. *See* Ariz. R. Civ. P. 4.2(a); *Davis v. Metro Prod., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989); *Williams v. Lakeview Co.*, 199 Ariz. 1, 5, 13 P.3d 280, 282 (2000).

Under the due process clause, a defendant must have sufficient "minimum contacts" with the forum state that subjecting the defendant to its jurisdiction will not "offend traditional conceptions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 328 U.S. 310, 316 (1945) (internal quotation marks omitted). Under this standard, "the defendant's conduct and connection with the forum State [must be] such that he [or she] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 (1980). In accord with the due process clause, the "minimum contacts" standard may be satisfied in two ways. First, a court may exercise general jurisdiction when the defendant's contacts with the forum state are "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). Second, a court may exercise specific jurisdiction if a defendant "has purposefully directed his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, (1985) (internal quotation omitted). "In addition to establishing the requisite contacts, the assertion of jurisdiction must be found reasonable." *Bauman*, 579 F.3d at 1094 (internal quotation omitted).

Here, Plaintiff has not made a prima facie showing that Judge Smith has minimum contacts with Arizona. In his complaint, Plaintiff admits that Judge Smith is a resident of

Virginia. (Dkt. # 1 at 6.) In addition, Plaintiff does not allege that Judge Smith took any actions in Arizona or directed any conduct towards Arizona or citizens of Arizona. (*See id.*) In this case, there simply is no basis to find that Judge Smith has "continuous and systematic" contacts with Arizona that would subject him to general jurisdiction. *See Helicopteros*, 466 U.S. at 415. With respect to specific jurisdiction, Plaintiff has also failed to provide any evidence to demonstrate Judge Smith "has purposefully directed his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *See Burger King*, 471 U.S. at 472.

The Court further rejects Plaintiff's novel argument that Rule 12(b)(2) should not apply to Judge Smith as he "chose to be the primary judge to handle [Plaintiff's underlying] case" in Virginia, where Plaintiff alleges the Judge engaged in judicial misconduct. (Dkt. # 27.) Plaintiff cites no authority for this proposition, and the Court sees no reason for subjecting Judges to personal jurisdiction in the absence of minimum contacts. Furthermore, Supreme Court authority clearly provides that subjecting a party to jurisdiction without the requisite contacts would violate the Constitution of the United States. *See, e.g., Int'l Shoe Co. v. Washington*, 328 U.S. at 316. Accordingly, the Court finds that Plaintiff has failed to carry his burden of establishing that Judge Smith is subject to personal jurisdiction in Arizona.

**II. Motion to Dismiss Pursuant to Rule 12(b)(6)**

Because the Court grants Judge Smith's Motion to Dismiss for lack of personal jurisdiction, the Court need not address whether dismissal is also proper pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

**III. Plaintiff's Request to Dismiss Without Prejudice**

In his responsive memorandum to the Motions to Dismiss, Plaintiff requests that Judge Smith be dismissed without prejudice. (Dkt. # 27 at 1.) Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1). In *Pedrina v. Chun*, the Ninth Circuit further held that Rule 41(a)(1) also "permit[s] a plaintiff to dismiss fewer than all of the named defendants." 987 F.2d 608, 610 (9th Cir. 1993).

Here, Judge Smith has not yet answered Plaintiff's complaint nor has he filed a motion for summary judgment. Accordingly, dismissal without prejudice is appropriate. Nonetheless, should Plaintiff elect to again pursue his claims against Judge Smith, he still carries the burden of establishing that Judge Smith is subject to personal jurisdiction in Arizona.

**IT IS THEREFORE ORDERED**:

(1) Pursuant to Federal Rule of Civil Procedure 12(b)(2), the Court hereby **GRANTS** Defendant Denis J. Smith's Motion to Dismiss (Dkt. # 22) and **DISMISSES** Defendant Smith from Plaintiff's complaint without prejudice;

(2) Defendant Smith's Motion to Dismiss on the basis of Judicial Immunity and Failure to State a Claim (Dkt. # 23) is **DENIED** as moot;

(3) The Court takes no action on Plaintiff's Motion to Dismiss (Dkt. #26) as it is moot.

(4) The Clerk of the Court is directed to **TERMINATE** Defendant Dennis J. Smith from this action.

DATED this 22nd day of December, 2009.

*G. Murray Snow*
G. Murray Snow
United States District Judge