WO

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| ROSARIO A. FIORANI, JR., | ) | No. CV-08-2373-PHX-GMS |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| ALBERT LOWRY; *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

On December 29, 2008 Plaintiff Rosario A. Fiorani Jr. ("Plaintiff") filed a *pro se* complaint against several Defendants in which he alleges violations of 18 U.S.C. §§ 241–42, 28 U.S.C. § 1343, and 42 U.S.C. § 1983. (Dkt. # 1.) Plaintiff asserts that the Defendants conspired to violate his civil and constitutional rights when they allegedly falsely imprisoned, threatened, and intimidated Plaintiff. (*See id.*) Plaintiff also alleges that Defendants' conduct forced him to write a fraudulent letter in which he admitted guilt to some unspecified offense. (*See id.*)

On January 22, 2010, Defendant Seth Berenzweig moved to be dismissed from this action pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (Dkt. # 22–23.) First, Defendant brings a 12(b)(2) Motion to Dismiss for lack of personal jurisdiction. (Dkt. # 22.) Defendant also moves to dismiss pursuant to Rule 12(b)(6) on the basis of res judicata and due to Plaintiff's failure to state a claim for which relief can be granted. In addition, Defendant filed a Motion for Sanctions (Dkt. # 39) against Plaintiff to discourage his

ongoing pattern of suing the defendants for the same alleged acts over and over in courts across the country.

As of February 24, 2010, Plaintiff has failed to file a response to these Motions. Local Rule 7.2(c) provides that "[t]he opposing party shall . . . have fourteen (14) days after service in a civil or criminal case within which to serve and file a responsive memorandum" to a defendant's Motion to Dismiss. Local Rule 12.1(b) further provides that a party shall have thirty days (30) to respond to a Motion to Dismiss for lack of jurisdiction. *See* LRCiv. 12.1(b); 56.1(d). As of February 24, 2010, Plaintiff has not filed a timely responsive memoranda to Defendant's Motion to Dismiss, nor has he sought extensions of time to do so. Under the Local Rules, if a party "does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv. 7.2(i); *see also Ghazali v. Moran*, 46 F.3d 52, 53– 54 (9th Cir. 1995) (holding that district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to motion but failed to do so).

**IT IS THEREFORE ORDERED** that Plaintiff shall file and serve a responsive memorandum to Defendant's Motions **on or before 5:00 p.m. on March 8, 2010**. Should Plaintiff fail to comply, the Court may deem Plaintiff's failure to oppose the Motions as a waiver, and may grant the motions on that basis.

DATED this 24th day of February, 2010.

_____
G. Murray Snow
United States District Judge