# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosario A. Fiorani, Jr., | No. 08-CV-02373-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Albert Lowry; *et al.*, | |
| Defendants. | |

Defendant Seth Berenzweig ("Mr. Berenzweig"), an attorney for the law firm of Albo & Oblon LLP in Virginia and Maryland, has moved to be dismissed from this action pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (Dkt. # 39.) For the following reasons, the Court grants the Motion and orders Fiorani to show cause why he should not be sanctioned for filing this frivolous case.

## BACKGROUND

On December 29, 2008, Plaintiff Rosario A. Fiorani Jr. ("Fiorani") filed a *pro se* complaint against several defendants in which he alleges violations of his civil rights pursuant to 42 U.S.C. § 1983. (Dkt. # 1.) Fiorani asserts that the Defendants conspired to violate his civil and constitutional rights when they allegedly falsely imprisoned, threatened, and intimidated him. (*See id.*) Fiorani also alleges that Defendants' conduct forced him to write a fraudulent letter in which he admitted guilt to some unspecified offense. (*See id.*)

| | |
|---|---|
| 1 | This is not the first time that Fiorani has brought these specific allegations against |
| 2 | these Defendants. Fiorani first raised similar allegations in the Alexandria Division of the |
| 3 | Eastern District of Virginia. *Fiorani v. Lowry*, No. 1:08-CV-00348-LMB-BRP (E.D.Va. Apr. |
| 4 | 21, 2008) ("*Fiorani I*"). After the district court dismissed Fiorani's case with prejudice, *see* |
| 5 | *id.*, the Fourth Circuit affirmed. 286 F. App'x 23 (4th Cir. 2008). On the same day that |
| 6 | Fiorani filed his appeal to the Fourth Circuit in *Fiorani I*, he filed a similar case in the |
| 7 | Richmond Division of the Eastern District of Virginia, making "substantially" similar |
| 8 | allegations against many of the same defendants. *See Fiorani v. Lowry*, 3:09-CV-00394-JRS, |
| 9 | 2008 WL 2857207 (E.D. Va. July 21. 2008) ("*Fiorani II*"). Again, that case was dismissed, |
| 10 | and the Fourth Circuit affirmed in a brief memorandum decision. *See Fiorani v. Lowry*, 297 |
| 11 | F. App'x 238 (4th Cir. 2008). Thereafter, Fiorani filed a counter-claim against Mr. Lowry |
| 12 | when the latter brought a state-court lawsuit against Fiorani for defamation. *See Lowry v.* |
| 13 | *Fiorani*, No. 2008-CV-00156, at *2 (Va. Cir. Ct. Aug. 1, 2008) ("*Fiorani III*"). In dismissing |
| 14 | Fiorani's counter claim, the state court noted that Fiorani "must seek leave of this [c]ourt |
| 15 | based upon good cause prior to initiating lawsuits or any other legal process or filing against |
| 16 | [Mr. Lowry], his businesses, employees, agents, representatives, or legal counsel." *Id.* |
| 17 | Despite this directive from Virginia State Court, Fiorani now brings essentially the |
| 18 | same civil rights claim in this Court. (*See* Dkt. # 1.) All but one of the Defendants, however, |
| 19 | have already been dismissed. Judge Dennis J. Smith was dismissed on December 22, 2009 |
| 20 | for lack of personal jurisdiction. (Dkt. # 34.) Because Fiorani failed to provide complete and |
| 21 | correct addresses for Defendants Albert Lowry, Education Advancement Institution, |
| 22 | Entrepreneurial Systems, and Adam Levine, they were terminated from this matter on |
| 23 | January 25, 2010. (*See* Dkt. # 35.) Finally, Defendants Sarah Zaffina and Judge Douglas |
| 24 | Herndon were dismissed on February 5, 2010 because Fiorani provided an incorrect address |
| 25 | for service upon Ms. Zaffina and because the claim against Judge Herndon was barred by the |
| 26 | doctrine of judicial immunity. (*See* Dkt. # 38.) |
| 27 | On January 22, 2010, Mr. Berenzweig, the last remaining Defendant, moved to be |
| 28 | dismissed from this action. (Dkt. # 39.) First, Berenzweig brings a 12(b)(2) Motion to |

1 Dismiss for lack of personal jurisdiction. (*Id.*) Berenzweig also moves to dismiss pursuant
2 to Rule 12(b)(6) on the basis of res judicata and due to Plaintiff's failure to state a claim for
3 which relief can be granted. (*Id.*) Berenzweig further requests sanctions against Plaintiff to
4 discourage his ongoing pattern of suing the Defendants for the same alleged acts over and
5 over in courts across the country. (*Id.*) In his Response to the Motion to Dismiss, Fiorani also
6 raises several arguments regarding Judge Smith, who was voluntarily dismissed from this
7 case on December 22, 2009. (*See* Dkt. # 34 at 4.) He also contends that the Court erroneously
8 terminated the other Defendants in this case. (*See* Dkt. ## 35, 38.)

## DISCUSSION

### I. Motion to Dismiss Pursuant to 12(b)(2)

When the parties dispute whether personal jurisdiction over a foreign defendant is proper, "the plaintiff bears the burden of establishing that jurisdiction exists." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (2002). This is so, even though the defendant is the moving party on a 12(b)(2) motion to dismiss. *Id.* In the absence of an evidentiary hearing, however, the plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009).

To establish that personal jurisdiction over a defendant is proper, a plaintiff must demonstrate that (1) the state's long arm statute confers jurisdiction over the defendant; and (2) that "the exercise of jurisdiction comports with the constitutional principles of due process." *See Rio Properties*, 284 F.3d at 1019 (citation omitted). Because Arizona's long-arm statute extends jurisdiction "to the maximum extent permitted by the . . . Constitution of the United States," the Court's personal jurisdiction inquiry largely collapses into an analysis of due process. *See* Ariz. R. Civ. P. 4.2(a); *Davis v. Metro Prod., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989); *Williams v. Lakeview Co.*, 199 Ariz. 1, 5, 13 P.3d 280, 282 (2000).

Under the due process clause, a defendant must have sufficient "minimum contacts" with the forum state so that subjecting the defendant to its jurisdiction will not "offend traditional conceptions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326

- 3 -

1  U.S. 310, 316 (1945) (internal quotation marks omitted). Under this standard, "the
2  defendant's conduct and connection with the forum State [must be] such that he [or she]
3  should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp.*
4  *v. Woodson*, 444 U.S. 286, 297, 100 (1980). In accord with the due process clause, the
5  "minimum contacts" standard may be satisfied in two ways. First, a court may exercise
6  general jurisdiction when the defendant's contacts with the forum state are "continuous and
7  systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).
8  Second, a court may exercise specific jurisdiction if a defendant "has purposefully directed
9  his activities at residents of the forum . . . and the litigation results from alleged injuries that
10 arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472,
11 (1985) (internal quotation omitted). "In addition to establishing the requisite contacts, the
12 assertion of jurisdiction must be found reasonable." *Bauman*, 579 F.3d 1088, 1094 (9th Cir.
13 2009) (internal quotation omitted).

14 Here, Fiorani has not made a prima facie showing that Mr. Berenzweig has minimum
15 contacts with Arizona. In his complaint, Fiorani acknowledges that Mr. Berenzweig is a
16 resident of Virginia. (Dkt. # 1 at 6.) In addition, Plaintiff does not allege that Mr. Berenzweig
17 took any actions in Arizona or directed any conduct towards Arizona or citizens of Arizona.
18 (*See id.*) In this case, there simply is no basis to find that Mr. Berenzweig has "continuous
19 and systematic" contacts with Arizona that would subject him to general jurisdiction. *See*
20 *Helicopteros*, 466 U.S. at 415. With respect to specific jurisdiction, Plaintiff has also failed
21 to provide any evidence to demonstrate Mr. Berenzweig "has purposefully directed his
22 activities at residents of the forum . . . and the litigation results from alleged injuries that arise
23 out of or relate to those activities." *See Burger King*, 471 U.S. at 472.

24 **II.    Motion to Dismiss Pursuant to Rule 12(b)(6)**

25 The Court also finds that dismissal is proper pursuant to Federal Rule of Civil
26 Procedure Rule 12(b)(6), under the doctrine of res judicata. Under res judicata, a final
27 judgment on the merits of an action precludes the parties or their privies from relitigating
28 issues that were or could have been raised in that action. *San Remo Hotel, L.P. v. City &*

*County of S.F.*, 545 U.S. 323, 336 (2005). Pursuant to this principle, federal courts are required to give preclusive effect to state court judgments whenever the courts of the state from which the judgments emerged would do so. *Allen v. McCurry*, 449 U.S. 90, 96 (1980).

In the present case, the laws of Virginia for res judicata apply because the first claim brought by Fiorani was decided there. *See Fiorani I*, No. 1:08-CV-00348-LMB-BRP, at * 1–2. Under Virginia law, four elements must be met to establish res judicata: (1) the remedies sought must be identical; (2) the causes of action must be identical; (3) the parties must be identical; and, (4) the quality (capacity) of the persons for or against whom the claim is made must be identical. *See Wright v. Castles*, 349 S.E.2d 125, 128 (Va.1986) (citing *Mowry v. Va. Beach*, 93 S.E.2d 323, 327 (Va.1956)).

Each of these elements is met here. First, Fiorani seeks monetary damages, just as he did in a previous action in the District of Eastern Virginia. *See Fiorani I*, No. 1:08-CV-00348-LMB-BRP, at *1–2. Next, the complaints in both cases raise claims pursuant to 28 U.S.C. § 1983. *See id.* Fiorani also named Mr. Berenzweig as a Defendant in both actions. *See id.* Finally, the quality or capacity of the parties is the same in both proceedings. *See id.* Moreover, another Division of the Eastern District of Virginia has already determined that Fiorani's claims against Mr. Berenzweig and the other named Defendants are barred by res judicata. *See Fiorani II*, 2008 WL 2857207, at *2.

**III.     Matters Pertaining to Previously Dismissed Defendants**

In his responsive memorandum to Mr. Berenzweig's Motion to Dismiss, Mr. Fiorani raises several arguments regarding Judge Smith, who was voluntarily dismissed from this case on December 22, 2009. (Dkt. # 34 at 4.) Because Judge Smith has already been terminated from this matter, however, the Court need not consider Fiorani's arguments. Furthermore, to the extent that Fiorani is attempting to amend his Complaint and reassert his claims against Judge Smith, the Court finds that Fiorani's allegations against Judge Smith pertain to his official function as a judge; therefore, Fiorani's civil rights claims against Judge Smith are barred by the doctrine of judicial immunity. *See Olsen v. Idaho State Bd. of Med.*,

363 F.3d 916, 922-23 (9th Cir. 2004) (dismissing a plaintiff's 28 U.S.C. § 1983 claim against a judge on the basis of judicial immunity).

Fiorani also appears to argue that the Court improperly dismissed those Defendants for whom Fiorani failed to provide correct addresses so that the United Sates Marshals Office could effect service of process. In two previous Orders, the Court directed Fiorani to show cause why several of the named Defendants should not be terminated for Fiorani's failure to provide correct and complete addresses. (Dkt. ## 35, 38.) The Court then terminated Defendants Albert Lowry, Education Advancement Institution, Entrepreneurial Systems, Adam Levine, Sarah Zaffina, and Judge Douglas Herndon from this action when Fiorani failed to respond to the order to show cause. (*See id.*) And, while Fiorani now blames a snow storm and marital problems for his failure to respond to the Court's order to show cause, he does not explain why he failed to provide correct and complete addresses, and he does not even attempt to provide the necessary addresses for these unserved Defendants. (*See* Dkt. # 41.) Accordingly, the Court finds that dismissal of these Defendants was proper as they were never served as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4, 5, 12(b)(5).

**IV. Mr. Berenzweig's Motion for Sanctions**

As a final matter, the Court finds that sanctions against Fiorani may be appropriate in this matter. Fiorani has filed several actions in multiple federal and state courts seeking damages against the Defendants originally named in this case. All of these actions appear to be barred by the doctrines of judicial immunity and res judicata. Moreover, in the instant action there is nothing in the record suggesting that Arizona has personal jurisdiction over the named Defendants.

While it is true that Fiorani is appearing *pro se*, the fact that he has repeatedly filed complaints in multiple courts alleging similar claims indicates that Fiorani should be aware that he had no legal basis for bringing this case in the District of Arizona. Indeed, multiple district courts had already dismissed Fiorani's complaints under the doctrines of res judicata and judicial immunity when he filed his complaint in this case. Accordingly, the Court finds

that this is this is at least the third effort Fiorani has made to bring virtually identical § 1983 claims that are barred by the doctrines of judicial immunity or res judicata. *See Fiorani I*, No. 1:08-CV-00348-LMB-BRP, at * 1–2; *See Fiorani II*, 2008 WL 2857207, at *2. Moreover, Fiorani had been warned by another court to stop litigating issues already decided by other courts. *See Fiorani III*, No. 2008-CV-00156, at *2 (ordering that Fiorani "must seek leave of this Court based upon good cause prior to initiating lawsuits or any other legal process or filing against [Lowry], his businesses, employees, agents, representatives, or legal counsel."). Based on these findings, the Court orders Fiorani to show cause why he should not be sanctioned $1,000 pursuant to Federal Rule of Civil Procedure 11(c) for continually filing the same frivolous complaints over and over in various courts. *See, e.g.*, *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (imposing Rule 11 sanctions on a *pro se* plaintiff that filed multiple complaints raising the same frivolous claims).

**IT IS THEREFORE ORDERED**:

(1) Pursuant to Rules 12(b)(2) and 12(b)(6), the Court hereby **GRANTS** Defendant Seth Berenzweig's Motion to Dismiss (Dkt. # 39);

(2) Within twenty-one (21) days of this Order, Plaintiff Rosario A. Fiorani, Jr. shall file a memorandum **SHOWING CAUSE** why the Court should not impose a $1,000 sanction on him pursuant to Federal Rule of Civil Procedure 11(c).

(3) The Clerk of the Court is directed to **TERMINATE** this action **WITH PREJUDICE**.

DATED this 31st day fo March, 2010.

_____
G. Murray Snow
United States District Judge